# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RAY ANTHONY MILES, )
)
       Plaintiff, )
) CIVIL ACTION
v. )
) Case No. 10-2151-CM
STATE OF KANSAS, )
)
       Defendant. )
)

## **MEMORANDUM AND ORDER**

Plaintiff Ray Anthony Miles filed this action *pro se* and *in forma pauperis* on March 18, 2010. He claims that defendant State of Kansas falsely imprisoned him and maliciously prosecuted him. Plaintiff has filed two additional cases in the District of Kansas that appear to arise out of the same series of events: 08-4002-RDR and 09-4071-JAR. Judge Rogers dismissed 08-4002 for lack of jurisdiction. Judge Robinson dismissed 09-4071 for failure to timely effect service. After plaintiff filed the instant case, Judge Waxse issued an order to show cause why this case should not be dismissed for failure to state a claim. Plaintiff responded on April 7, 2010. For the following reasons, the court determines that plaintiff has failed to show cause.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss sua sponte an *in forma pauperis* action as failing to state a claim upon which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal is warranted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile. *Id.* at 1173 (citations and quotations omitted). The court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.

2007) (quoting *Bell Atl v. Twombly*, 550 U.S. 554, 570 (2007)). The court will dismiss the complaint if the complaint does not "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* Plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" to avoid dismissal. *Twombly*, 550 U.S. at 570.

The court is mindful of the fact that plaintiff is proceeding *pro se*. Because of plaintiff's *pro se* status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding pro se. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74 (citation omitted).

Plaintiff's complaint lacks any factual basis for relief. For his Statement of Claim, plaintiff merely states that "State of Kansas falsely and maliciously prosecution [sic] and imprison [sic] me. They also cause physically [sic] and mental abuse. And they have committ [sic] conspiracy to deprive me of my civil right[s]." (Doc. 1, at 3.) Plaintiff also attached a document to his complaint that contains a list of violations allegedly committed by the State of Kansas. The list contains items such as false arrest, false imprisonment, malicious prosecution, malicious abuse of process, and other similar actions. But the list lacks any factual detail. Plaintiff does not supply any information about the place or time that his rights were violated, or the individuals' names or their alleged

actions.

In his response to Judge Waxse's order to show cause, plaintiff attached a group of documents related to his apparent arrest in 2007. He includes letters from the Kansas Highway Patrol and the Office of the Attorney General of Kansas denying his request for a videotape. He also requests that the court order the State of Kansas to produce the videotape.[1]

Plaintiff's response to the court's order to show cause is insufficient to demonstrate why the court should not dismiss his complaint. While the documents attached to the response give the court some information about the events about which plaintiff may be complaining, the court still cannot discern a claim or match up plaintiff's allegations to legal theories. Plaintiff makes no attempt to connect his list of legal theories with particular actions by the State of Kansas. Plaintiff has failed to "nudge[] [his] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, and the court determines that he fails to state a claim. The court further finds that amendment would be futile, as this is plaintiff's third attempt to file claims arising out of the same set of events. This complaint contains no more detail than plaintiff's previous two complaints.

**IT IS THEREFORE ORDERED** that plaintiff's complaint is dismissed for failure to state a claim under the standards of Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

The case is closed.

Dated this 30th day of April 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**

---

[1] Plaintiff requested the same videotape from the court in Case No. 09-4071. (Case No. 09-4071, Doc. 8, at 1.) In that case, Judge Sebelius construed plaintiff's request as a motion to compel. (Case No. 09-4071, Doc. 16, at 1.) Judge Sebelius instructed plaintiff on the relevant law, and explained the process that plaintiff would need to follow in order to seek production of the videotape. (*Id.* at 1–2.) Nothing has changed regarding the nature of plaintiff's request. For the same reasons stated by Judge Sebelius, the court denies the request here.

**United States District Judge**